J-S17016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: S.R., A MINOR | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: L.W., MOTHER | : : : : : : | |
| | : | No. 1706 EDA 2017 |

Appeal from the Order Entered May 24, 2017
In the Court of Common Pleas of Philadelphia County Family Court at
No(s):  CP-51-DP-0002636-2016

BEFORE:  BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

JUDGMENT ORDER BY LAZARUS, J.:              **FILED MARCH 16, 2018**

L.W. ("Mother") appeals from the trial court's permanency review order, in this underlying dependency proceeding, denying Mother's requests for a lawyer, more visitation with her minor son, S.R., and the opportunity to sign consents.  We dismiss the appeal as moot.[1]

On December 2, 2016, the court found, by clear and convincing evidence, that child was dependent, removed S.R. from Mother's home and gave legal custody of S.R. to the Philadelphia Department of Human Services ("DHS").  Child was placed in kinship care, with a goal of reunification.  On May 24, 2017, the court held a regularly-scheduled permanency review hearing.  At the hearing, the trial court found that Mother had not been

---

[1] Because we dismiss the appeal as moot, we need not discuss the appealability of the instant permanency review order.  **See In re H.S.W.C.-B**, 836 A.2d 908, 909 (Pa. 2003) (order granting or denying a goal change, even if it maintains the status quo, is appealable).

cooperative with the Master and DHS, by refusing to grant them access to her home for a safety inspection and to sign releases or consents. The court ordered that Mother permit DHS into her home by June 3, 3017, and scheduled the next permanency review hearing for August 8, 2018.

Mother filed a timely appeal from the court's May permanency order. In her Pa.R.A.P. 1925(b) statement, Mother states:

> I feel as though I was not given a fair chance to speak in regards to my case which occurred on 5-24-17 in courtroom 4A. I was never asked to sign a consent form from CUA[.] [T]hey only asked me where I was attending. Ms. Wright and Mr. Hall only asked where I was going not to sign any forms. In regards to my CUA coming to my house they have only not come to my house one time since my case started over a year ago and they only did not see her the months of April due to miscommunication and my phone being on the fritzs [sic]. Also my son has only attended one family session out of the 5 that were scheduled. In addition no one has stated for the record that my son wants to come home and I want him home. As of visitations with my son they have not occurred and CUA or Mr. King has not given me a reason why. My son and daughter wants [sic] to see each other but that has not occurred, and CUA are [sic] not helping in the matter. I am also requesting new counsel. Mr. King is not helping in no way and the only time I see or talk to him is in the courtroom. I can[]not get no help from him in regards to my case and I would like to see if I can get someone new to oversee my case.

Pa.R.A.P. 1925(b) Concise Statement of Errors Complained of on Appeal, 5/30/17.

On February 20, 2018, S.R.'s counsel notified our Court that she would not be filing a brief on behalf of Child and that "Counsel for Appellant has conceded in his brief that all issues have been resolved and are therefore moot." Letter of Defender Association of Philadelphia, 2/20/18. Additionally,

in Mother's brief, counsel acknowledges that all issues on appeal are moot as Mother's attorney has been replaced, all consents have been signed, and Mother is receiving visits. Appellant's Brief, at 3-4. Thus, we dismiss the appeal as moot.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/16/18